EDWARD A. GRONDIN AND PETER LA FRANCIS v. HUGH LOGAN, SUPERVISOR, AND WALTER MELLEN, CLERK, OF THE TOWNSHIP OF SENEY.

*Mandamus—Township board—Justices of the peace—De facto officers.*

1. An answer to a petition for *mandamus*, which denies the allegations of fact upon which the application is based, is decisive on a hearing upon petition and answer.

2. How. Stat. § 745, which provides that when, from any cause, there shall not be three of the officers constituting the township board of a township competent or able to act, one of the remaining justices, on being notified by any member of the board, shall meet with any members of the board, and possess like authority with them, authorizes the members to call upon any justice of the peace of the township to act *temporarily* as a member of the township board.

3. A township board cannot question the election or qualification of justices of the peace, who have acted and been recognized as such for more than one year, in *mandamus* proceedings prosecuted to compel the board to allow such justices to act as members thereof.

*Mandamus.*		Submitted November 10, 1891.		Denied November 11, 1891.

Relators applied for *mandamus* to compel respondents to recognize them as justices of the peace of the town-

ship of Seney, and, as such, entitled to seats as members of the township board. The facts are sufficiently stated in the opinion.

*James J. Brown* (*George H. Prentis,* of counsel), for relators.

*Clark & Pearl* (*Cahill & Ostrander,* of counsel), for respondents.

PER CURIAM. In this case the justices of the peace in the township are Miller, whose term expires in 1892, La Francis, whose term expires in 1893, Grondin, whose term expires in 1894, and Allen, whose term expires in 1895.

The relator, Grondin, filed his petition for *mandamus* upon the theory that Miller had removed from the township, and his office was thereby vacant. This is denied by the answer, and settles the matter so far as this application is concerned. La Francis, who was elected to fill a vacancy, and Miller, must be considered the two oldest justices, and entitled to seats on the township board.

Grondin has no standing here, because, in case of a temporary disability of one of the elder justices to act, the statute (How. Stat. § 745) provides that "one of the remaining justices," on being notified by any member of the board, shall meet with the board, and have the same authority as the other members, in case there shall not be three members of the board able or competent to act. In such case the members of the township board can call upon any justice to act temporarily as member of the board. Allen would have no right to act on the board, to the exclusion of La Francis.

We must hold that the board cannot here question the election or qualification of Grondin and La Francis.

They have acted as justices for over a year, and been recognized as such.

We must deny this application so far as Grondin is concerned, and, as to La Francis, Grondin shows no authority to make complaint in his behalf. If La Francis is hereafter denied his right to sit upon the town board, upon proper application we will enforce such right.

No costs will be allowed to either party.